NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021[*]
Decided November 2, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-3232

| | |
|---|---|
| BENIGNO LOPEZ, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Illinois. |
| | |
| *v.* | No. 3:19-CV-00378-MAB |
| | |
| KEVIN KINK, *et al.*, | Mark A. Beatty, |
| *Defendants-Appellees*. | *Magistrate Judge*. |

**O R D E R**

Benigno Lopez, an Illinois prisoner, appeals the dismissal of his civil-rights suit for failure to exhaust administrative remedies. Lopez concedes that he did not exhaust. He argues that, nonetheless, because he speaks Spanish, the prison's failure to furnish him with Spanish-language materials rendered the grievance process unavailable to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

him and therefore excuses non-exhaustion. Because the district court did not clearly err in finding that Lopez's language skills were not a barrier to exhausting, we affirm.

Lopez sued a nurse whom he accuses of failing to respond to his requests for medical treatment, as well as three others who he says should have helped him when they processed his grievances about his asserted lack of care. The defendants moved for summary judgment, contending that Lopez did not exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Prison records established that before filing suit Lopez submitted two grievances. Neither one named whom Lopez was complaining about, as required by Illinois's administrative code. *See* 20 ILL. ADMIN. CODE § 504.810(c). One asked generally for "good medical treatment" for his injuries; the other complained that unspecified medical staff were ignoring his requests for admission to a hospital. (Lopez filed and exhausted a third grievance while this suit was pending, but that grievance did not help him because it targeted different medical staff and because a prisoner must exhaust his administrative remedies before initiating suit. *See Chambers v. Sood*, 956 F.3d 979, 981 (7th Cir. 2020).) Lopez responded that administrative remedies were unavailable to him because, he asserted, he did not speak English and officials did not provide him with Spanish-language guidance on the prison's grievance process.

After a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), a magistrate judge (presiding by consent) granted the defendant's motion for summary judgment. The judge devoted "a significant portion" of the hearing to "better understanding Plaintiff's English-language skills," and he found that Lopez's claim that language barriers stopped him from understanding the grievance process was not credible. The judge pointed to prison records stating that Lopez attended an orientation when he arrived at the prison, during which officials handed out manuals in Spanish to "offenders with poor English skills." Moreover, the judge continued, the record showed that Lopez's "understanding of English is more advanced than he asserts." The judge noted that Lopez corrected his interpreter at one point during the *Pavey* hearing, he owned an English-to-Spanish dictionary, and he often used English in prison—when speaking to officers, writing his grievances, and completing documents for court. Further, his prison records showed that Lopez asked staff in English for help with other issues (e.g., requesting a transfer or getting a prison job); yet those records did not reflect that he ever asked for help with the grievance process or for a copy of the Spanish-language manual. Finally, after reviewing three years of records of Lopez's meetings with his counselor and others, the judge found no evidence that Lopez struggled to communicate with them in English.

On appeal, Lopez does not contest that he failed to exhaust his administrative remedies; he contends only that the judge should have found that language difficulties rendered the grievance process unavailable to him. He further insists that, contrary to Rule 56 of the Federal Rules of Civil Procedure, the judge improperly resolved factual disputes regarding whether he received the Spanish-language manual or understood the English-language grievance process.

The judge did not run afoul of Rule 56. Although a judge cannot normally decide factual issues when ruling on a motion for summary judgment, a different standard applies when a defendant argues that a prisoner failed to exhaust his claims under § 1997e(a). In deciding such a motion after an evidentiary hearing, the judge may determine credibility, resolve disputes, and find facts. *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). And we will uphold the judge's findings of fact unless clearly erroneous. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018).

For two reasons, the magistrate judge did not clearly err when he found that Lopez's English skills were not a barrier to exhausting his administrative remedies. First, the record contains adequate evidence to support an inference that Lopez received a Spanish-language manual explaining the grievance process: His records show that he attended an orientation when he arrived at the prison and that officials there handed out manuals in Spanish to "offenders with poor English skills."

Second, even if Lopez did not receive the Spanish-language manual, the record contains sufficient evidence that Lopez's proficiency with English allowed him to understand the grievance process: His prison file does not reflect any English-language barriers; he communicated in English with prison staff, in his court filings, and in his grievances; and he corrected his interpreter during the hearing. Beyond this, the judge gave adequate reasons for finding not credible Lopez's testimony. For example, the judge noted that Lopez gave conflicting accounts about who helped him write in English. Likewise, Lopez denied signing a receipt for a manual during orientation despite the physical evidence of the signed receipt. Lopez quibbles with how the judge interpreted the evidence, but even if a different factfinder may have weighed the record differently, the record contains ample evidence to survive clear-error review. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985). Because the judge permissibly found that Lopez's language skills did not stop him from complying with the required exhaustion process, the judge properly entered summary judgment.

We have considered Lopez's additional arguments, but none has merit.

AFFIRMED